## Case No. 11,952.

### ROBINSON v. HALL et al.

### HALL et al. v. SCHNEIDER et al.

[8 Ben. 61.] [1]

District Court, E. D. New York. March, 1875.

BANKRUPTCY—MORTGAGE TO SECURE COMPOSITION NOTES—ADJUDICATION ALONE DOES NOT DIVEST BANKRUPT'S TITLE.

S was adjudicated a bankrupt in 1872, compromised with his creditors, and gave notes secured by mortgage upon his property. No assignee was appointed under the adjudication, nor any further proceedings had. In November, 1873, S, having become again involved, was again adjudicated a bankrupt. In the second proceedings, an assignee was appointed, and the property taken. The holders of the mortgage above-named, claimed the right to foreclose notwithstanding, and the assignee on his part filed a bill to set aside the mortgage. *Held*, that the first adjudication, without the appointment of an assignee thereunder, had no effect to divest the bankrupt of his title to the property in question so as to render the mortgage invalid, and an order for foreclosure must be granted.

[These were actions in bankruptcy, one by Charles Robinson, assignee, against James Hall and others, to set aside a mortgage, and the other by James Hall and others, trustees, against John Schneider and others, to foreclose the same mortgage.]

C. Jones and A. Blumenstiel, for trustees.
H. Daily, for assignees.

BENEDICT, District Judge. On the 13th day of February, 1872, John Schneider was adjudicated a bankrupt upon the petition of one Hiram Bechtel. No warrant was issued to the marshal to take possession of the property of the bankrupt, nor any other proceedings thereafter had upon said petition.

In May following, the creditors of Schneider agreed with him upon a compromise of his debts, upon his paying 65 per cent., part cash and part secured by notes; in pursuance of which, on the 9th day of May, 1872, certain notes were made, to secure the payment of which Schneider and his wife executed and delivered to James Hall and others, as trustees, a mortgage upon certain real estate then owned by him. After the delivery of this mortgage, notwithstanding the adjudication before mentioned, Schneider, having remained in full possession of his property, continued his business and incurred other liabilities.

In November, 1873, he again became embarrassed, whereupon some of his creditors, whose debts had been contracted subsequent to the giving of the mortgage, filed a second

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

petition in bankruptcy against him, under which he was adjudicated a bankrupt on the 26th day of November, 1873. A warrant was thereupon issued to the marshal in pursuance of the prayer of the second petition, and thereafter Charles Robinson and William G. Hawkins were appointed assignees. The said assignees, finding upon record the mortgage which had been made to Hall and others, trustees, in pursuance of the composition as above stated, filed their bill in this court to set aside this trust mortgage upon the ground that, by virtue of the first adjudication of bankruptcy, Schneider was divested of all title to his property, and therefore unable to make a valid mortgage thereon.

A cross bill was also filed in this court by James Hall and others, trustees under the said trust mortgage, to foreclose the same.

In this last action, the complainants in the first action, the assignees in bankruptcy, were made parties defendants, who interposed the same defense averred as a cause of action in the suit brought by them to set aside the mortgage.

These two cases were tried together upon the same testimony, and are now to be disposed of together.

The only question necessary to be considered is, whether the first adjudication had the effect to divest the bankrupt of his title to the property in question, so as to render invalid any conveyance thereof thereafter made by him. Some other objections to the mortgage are raised by the pleadings, but there is an entire absence of evidence to support them and their consideration is rendered unnecessary by the determination of the question above stated.

Upon the main question above stated, it is only necessary to say that it has been settled by the decision of the supreme court in the case of Hampton v. Rouse, 22 Wall. [89 U. S.] 263. In that case it was decided that the title of a bankrupt is not divested by an adjudication in bankruptcy, but remains in him until an appointment of an assignee.

In the present case, no assignee was ever appointed in the first proceeding. There was an adjudication of bankruptcy but nothing more. No attempt was made to interfere with the bankrupt's possession of the property; while the bankrupt remained in the actual possession of the property in question, and when no steps had been taken to prevent a conveyance thereof, the bankrupt not having been divested of his title in good faith, executed the mortgage now under consideration. Such a mortgage is valid as against the title of an assignee in bankruptcy appointed a year and a half afterwards in proceedings then commenced.

Upon this ground, therefore, the bill filed by the assignees in bankruptcy to set aside the mortgage must be dismissed, and the bill filed by the trustees to foreclose the mortgage in question must be sustained.